UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | )  |
|---|---|
| IN THE MATTER OF | ) |
| | ) |
| OSAGE MARINE SERVICES, INC., for | )  No. 4:15-CV-1458 JAR |
| Exoneration from or Limitation of Liability. | ) |
| | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Claimants Latonia Johnson, Candice Johnson and Brian Johnson's Alternative Motion for Extension of Time to File Claim (Doc. No. 10) and Motion to Dissolve Restraining Order (Doc. No. 12), and Petitioner's Motion for Leave to File Amended Complaint. (Doc. No. 18) The motions are fully briefed and ready for disposition.[1]

**Background**

Petitioner Osage Marine Services, Inc. ("Osage") brings this action for exoneration from or limitation of vessel owners' liability pursuant to 46 U.S.C. §§ 30501-12. Osage was the owner of the M/V CHARLIE BOY, a towing vessel operated by Osage on the Mississippi River. On July 19, 2015, the M/V CHARLIE BOY began listing to its side while performing fleeting operations and eventually sank at or near Mile 172 of the Upper Mississippi River, resulting in the death of Osage employee Oliver Johnson. (Complaint ("Compl."), Doc. No. 1 at ¶ 7)

Osage brought this action to limit any liability in this matter to the value of the vessel, which Osage claims is $30,000. Pursuant to 46 U.S.C. § 30511(b) and Supplemental Rule F of Admiralty, Osage moved the Court for an order approving the security for value for Osage's interests in the M/V CHARLIE BOY and freight in the form of a letter of undertaking in the amount of $30,000 by Osage's insurers. On September 24, 2015, the Court entered an order

---

[1] With leave of Court, Osage filed a Sur-Reply in Opposition to Claimants' Motion to Dissolve Restraining Order on December 4, 2015. (Doc. No. 22)

approving the security for value, issued notice to all potential claimants to file their claims by November 6, 2015, and staying all legal proceedings arising from the July 19, 2015 incident pending final disposition of the instant action. (Doc. No. 6)

On November 5, 2015, Claimants filed their answer to Osage's complaint and notice of claim. (Doc. No. 9) In the event the Court determined that Claimants are not the proper parties for asserting a claim in this action, Claimants filed an alternative motion to extend the deadline for filing claims to allow them time to obtain a death certificate, open a probate estate, and have the personal representative of the estate file a claim. Osage consents to Claimants' motion for extension of time to file a claim. (Doc. No. 16) The motion will therefore be granted.

Claimants also move the Court to dissolve the restraining order entered on September 24, 2015 to allow them to proceed with their available Jones Act/maritime wrongful death action in State court, and have filed stipulations with the Court concerning the Court's exclusive jurisdiction over matters regarding the litigation of the limitation fund and waiver of claims of res judicata. (Doc. No. 12-1) Osage opposes the motion. (Doc. No. 16)

Osage has moved for leave to amend its complaint to add BNB Towing Service, Inc. ("BNB"), as title holder and owner of the M/V CHARLIE BOY, as an additional plaintiff in this limitation action. Osage states that BNB chartered the M/V CHARLIE BOY to Osage prior to the July 19, 2015 incident. Claimants agree that the applicability of the Limitation Act to BNB would be better litigated in the course of this proceeding and, while reserving objections for that time, do not otherwise object to the amendment to add BNB.[2] The motion will therefore be granted.

---

[2] Claimants note that in the amended complaint, Osage has omitted its pleading that the sinking of its vessel "result[ed] in the death of Oliver Johnson." (See Doc. No. 1 at ¶ 7 and Doc. No. 18-1 at ¶ 8) Claimants argue the attempted amendment/deletion would prejudice them by apparently forcing them to prove an undisputed fact, namely the death of Oliver Johnson. On December 14, 2015, Osage and BNB

**Discussion**

The Limitation of Vessel Liability Act, 46 U.S.C. §§ 30501-30512, allows the owner of a vessel to limit the amount of its liability for a maritime incident to the value of the vessel and its pending freight. 46 U.S.C. § 30505(a). "While 28 U.S.C. § 1333(1) does grant to the federal district courts exclusive jurisdiction over suits brought pursuant to the Limitation Act . . . the same statute also 'sav[es] to suitors in all cases all other remedies to which they are entitled.'" Riverway Harbor Serv., St. Louis, Inc. v. Bridge & Crane Inspection, Inc., 263 F.3d 786, 791 (8th Cir. 2001) (quoting 28 U.S.C. § 1333(1)). Thus, "two jurisdictional possibilities" are presented: "shipowners desire exclusive federal jurisdiction to limit their liability and avoid encountering a jury trial, and claimants seek 'other remedies' such as jury trials in state court." Id. (citing cases).

State courts may adjudicate claims against the limitation fund "so long as the vessel owner's right to seek limitation of liability is protected." Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 455 (2001). The Eighth Circuit has recognized that "[i]n two kinds of limitation cases, the federal courts have permitted claimants to pursue their remedies in a forum of their own choosing." Universal Towing v. Barrale, 595 F.2d 414, 418 (8th Cir. 1979). The first type of case is one in which the limitation fund exceeds the total of all claims. Id. (citing cases). The

---

filed a reply in support of their motion for leave to file an amended complaint. (Doc. No. 23) Osage and BNB acknowledge Oliver Johnson died during the sinking of the M/V CHARLIE BOY and assert they will not contest that fact or force Claimants to prove it. Osage and BNB state that the purpose of the change in paragraph 8 of the amended complaint is to "eliminate any confusion or misinterpretation in the event that the Amended Complaint could be construed as an admission of causation for Mr. Johnson's death." (Id. at 2)

While a pleading abandoned or superseded through amendment no longer serves any function in the case, it may be introduced into evidence as the admission of a party. See Sunkyong Int'l, Inc. v. Anderson Land & Livestock Co., 828 F.2d 1245, 1249 (8th Cir. 1987) (citing Fruco Constr. Co. v. McClelland, 192 F.2d 241, 245 (8th Cir.1951); Clodfelter v. Thuston, 637 F. Supp. 1034, 1039 (E.D. Mo.1986)). Osage's admission that the M/V CHARLIE BOY sank, resulting in the death of its employee Mr. Johnson, could certainly be introduced into evidence and considered by a jury and the court.

second type of case is the single claimant exception where "there is only one claim which exceeds the value of the fund." Id. (citing cases). In the second situation, "a claimant may pursue his common-law remedies in state court, provided he files a stipulation in the district court which concedes that all questions of limitation of liability are reserved for the admiralty court." Id. at 419. When one of the two exceptions applies, "it is an abuse of the court's discretion to fail to dissolve the injunction against other legal proceedings, and thus deprive a claimant of his choice of forum." Valley Line Co. v. Ryan, 771 F.2d 366, 373 (8th Cir. 1985).

However, in order to preserve the vessel owner's right to limit its liability, a claimant must file certain protective stipulations with the district court before the injunction will be dissolved. Specifically, the claimant must concede that the value of the fund is the value of the vessel and its freight, waive any right to a claim of res judicata based on the state court judgment, and concede that the district court has exclusive jurisdiction to determine all issues affecting the vessel owner's right to limit its liability. Id.

Claimants' single claim for the death of Oliver Johnson clearly falls within the "single claim" exception to this Court's exclusive admiralty jurisdiction. See, e.g., Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032, 1041 (11th Cir. 1996) ("there is only a single claim arising from [the employee's] death, and it belongs to the personal representative of his estate. The beneficiaries of the estate, including the minor children, are not authorized to bring independent suits for their individual damages; rather, they must share in the single judgment, if any, obtained by the personal representative.")[3] However, in light of the Court's ruling herein granting Osage's motion to add BNB as an additional plaintiff, Claimants' stipulations do not

---

[3] It is well settled under general maritime law that only the personal representative of the estate may bring a claim. See, e.g., Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032, 1041 (11th Cir. 1996) (citing cases). Claimants concede that no personal representative has yet been appointed for Mr. Johnson's estate and Osage has consented to the additional time Claimants need to finalize Mr. Johnson's estate.

- 4 -

currently apply to all vessel owners of the M/V CHARLIE BOY. Claimants' motion to dissolve will therefore be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Claimants' Alternative Motion for Extension of Time to File Claim [10] is **GRANTED**.

**IT IS FURTHER ORDERED** that Claimants' Motion to Dissolve Restraining Order [12] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to File Amended Complaint [18] is **GRANTED**.

Dated this 15th day of January, 2016.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**