UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF | ) <br> ) <br> ) |
| OSAGE MARINE SERVICES, INC., for <br> Exoneration from or Limitation of Liability. | ) No. 4:15-CV-1458 JAR <br> ) <br> ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Joint Motion to Dissolve Restraining Order filed by Claimants the Estate of Oliver Johnson, Candice Johnson, Brian Johnson, Latonia Johnson, and Rickie Tellor. (Doc. No. 31) The motion is fully briefed and ready for disposition.

**Background**

Plaintiffs Osage Marine Services, Inc. and BNB Towing Service, Inc., owners of the M/V CHARLIE BOY, a towing vessel operated by Osage on the Mississippi River, bring this action for exoneration from or limitation of vessel owners' liability pursuant to 46 U.S.C. §§ 30501-12. (First Amended Complaint ("FAC"), Doc. No. 25) On July 19, 2015, the M/V CHARLIE BOY began listing to its side while performing fleeting operations and eventually sank at or near Mile 172 of the Upper Mississippi River. (FAC at ¶ 8)

On January 20, 2016, Plaintiffs moved the Court, pursuant to 46 U.S.C. § 30511(b) and Supplemental Rule F of Admiralty, for an order approving the security for value for their interests in the M/V CHARLIE BOY and freight in the form of a letter of undertaking in the amount of $30,000 by their insurers. (Doc. No. 27) On January 21, 2016, the Court entered an order approving the security for value, issuing notice to all potential claimants to file their claims by March 4, 2016, and staying all legal proceedings arising from the July 19, 2015 incident pending final disposition of the instant action. (Doc. No. 28) On March 3, 2016, the estate of

deceased crew member Oliver Johnson filed a notice of claim seeking damages for the death of decedent Johnson. (Doc. No. 33) Claimant Rickie Tellor filed a separate notice of claim seeking damages for personal injury. (Doc. No. 34)

Claimants move the Court to dissolve the restraining order entered on January 21, 2016 to allow them to proceed with their available Jones Act/maritime wrongful death action in State court. Plaintiffs oppose the motion, arguing for various reasons that Claimants' stipulations are inadequate to dissolve the stay. (Doc. No. 37) First, Plaintiffs assert this is a "multiple-claimant-inadequate-fund" case that does not fall within the single claim exception. (Id. at 3) Second, Plaintiffs argue Claimants have not stipulated amongst themselves as to the priority of their claims. (Id. at 8) Third, Plaintiffs argue that Claimants' stipulations are inadequate to protect the limitation fund from possible indemnity and/or contribution claims by as yet unnamed co-defendants. (Id. at 10)

Relying on In the Matter of The Complaint of: Cent. Contracting & Marine, Inc., No. 4:15CV1111HEA, 2016 WL 1023065, at *3 (E.D. Mo. Mar. 15, 2016), Claimants reply that the "single claim exception" applies in "circumstances involving multiple claimants, who may try liability and damages issues in another forum by filing stipulations that protect the shipowner's right to have the federal court, sitting in admiralty, ultimately adjudicate its claim to limited liability." (Doc. No. 38 at 1-2) In further reply, Claimants assert they are not required to stipulate to the priority of their claims, citing In re Massman, No. 4:12CV01665JCH, 2013 WL 718885, at *9-10 (Mo. E.D. Feb. 27, 2013) ("[T]he Federal Rules already dictate pro rata distribution among claimants and, therefore, such means of distribution is per se sufficient to protect [plaintiffs] from excess liability."), and need not account for "the possibility of presently-non-

existent indemnification and/or contribution claims," citing In re Walsh Const. Co., No. 4:13CV2526HEA, 2014 WL 3956557, at *4 (Mo. E.D. Aug. 13, 2014). (Doc. No. 38 at 3)

Following a conference with counsel on April 13, 2016, Claimants filed Amended Joint Stipulations Regarding Petitioners' First Amended Complaint for Limitation of Liability to clarify in their fourth stipulation that they would not act upon *any* judgment entered by any court in their favor until this Court enters final judgment as to all issues in this action. (Doc. No. 41) Upon review of the amended joint stipulations, the Court finds good cause to lift its current restraining order.

Accordingly,

**IT IS HEREBY ORDERED** that Claimants' Joint Motion to Dissolve Restraining Order [31] is **GRANTED**. The stay and restraining order entered by the Court on January 21, 2016 is **DISSOLVED.**

**IT IS FURTHER ORDERED** that a stay of entry of judgment and consequent enforcement of any recovery achieved in a proceeding pending the outcome of this limitation proceeding is entered.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this file, subject to reopening on motion of either party as warranted.

**IT IS FINALLY ORDERED** that the parties shall file a status report with the Court on **October 25, 2016** and every six (6) months thereafter.

Dated this 26th of April, 2016.

                                              JOHN A. ROSS
                                              UNITED STATES DISTRICT JUDGE